NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-74-HRW

HARRY R. ILIFF                                                                                    PLAINTIFF

VS:             **MEMORANDUM OPINION AND ORDER**

JOE BURCHETT, JAILER, ET AL.                                                     DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Harry R. Iliff, an individual who is currently incarcerated in the Boyd County Jail in Catlettsburg, Kentucky, has submitted a handwritten pleading which the Court has construed as a prisoner *pro se* complaint, pursuant to 42 U.S.C. §1983, and he has now moved to proceed herein *in forma pauperis*. The motion will be granted by separate Order.

The complaint is before the Court for initial screening. 28 U.S.C. §1915; 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIMS

The plaintiff claims that his Eighth, Twelfth, and Fourteenth Amendment rights have been violated.

DEFENDANTS

The only named defendants are Jailer Joe Burchett "and Staff."

RELIEF REQUESTED

The plaintiff asks for an attorney and for "immediate relief" from the alleged violations of his rights.

## FACTUAL ALLEGATIONS

The plaintiff's factual allegations consist of the following in their entirety:

> Plaintiff comes before this Honorable Court and states that between March 1, 2006 and is currently ongoing that he is being denied adequate medical treatment, denial of his pursuit of his Religion, Access to the same rights as other inmates; i.e. Running water, Toilet Facilities, a bed, exercise, personal maintenance, access to a proper law library. He also states and avows that the Jailer Joe Burchett over charges on commissary prices and charges every inmate a $45.00 fee for medical treatment. Plaintiff also states and avows that the Jailer Joe Burchett and his staff practices, on a daily basis, prejudicial practices.

Record No. 1. Iliff has verified these allegations, signing the complaint after stating that they are true and correct to his knowledge and that he is aware of the laws of perjury.

## DISCUSSION

The Court must begin any examination of a prisoner-plaintiff's allegations about the conditions of his confinement with an inquiry into his use of the administrative remedies available there. Effective April 24, 1996, the United States Congress mandated the following:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Sixth Circuit has consistently insisted on compliance with the statute--and a clear demonstration of said compliance--at the time of filing. *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997). A plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he

2

received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

Further, the Sixth Circuit has interpreted §1997e as requiring that a prisoner file a grievance against the person he ultimately seeks to sue. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Similarly, each claim which a prisoner wishes to bring must have been exhausted administratively. *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003)); *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999).

Additionally, federal courts within this circuit must follow the "total exhaustion" rule, meaning that all of the claims must be exhausted for the district court to go forward; whenever there is a single unexhausted claim, despite the presence of other exhausted claims, the court must dismiss the entire complaint for failure to exhaust. *Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). *See also Walton v. Bouchard*, 136 Fed.Appx. 846, 848 (6th Cir. 2005) (unpublished) (affirming dismissal of complaint because discrimination claim was unexhausted as to every defendant). In *Sanchez-Ramos v. Sniezek*, 370 F.Supp.2d 652, 656-57 (N.D. Ohio 2005), a sister district court in this circuit dismissed the prisoner's entire action when an assault claim had been exhausted, but his retaliation and medical care claims had not.

In the case *sub judice*, as is evident from the totality of the factual allegations set forth above, the plaintiff's complaint did not mention any administrative remedies. Therefore, the Court crafted an earlier deficiency order of May 8, 2006, to point out not only that he had failed to pay the filing fee but also that his file lacked "[c]opies or detailed descriptions of the administrative remedies he

3

exhausted as to each claim and defendant." Record No. 2.

The plaintiff timely responded [Record No. 5]. With regard to the administrative remedies available at the jail, the plaintiff revealed that there is a grievance system at the Boyd County Jail and he used it by filing a "general grievance form." As to the result, he has written only "None – no results or answer." In that one effort, he fails to reveal which of the conditions he complained of, with whom he dealt, and/or what he tried next to obtain relief. There is no suggestion that he pursued any claim about any condition of his confinement further. The plaintiff has failed to demonstrate exhaustion, as he is required to do initially under *Knuckes-El* and as he was instructed by the Court in its deficiency order, *i.e.*, he did not file "[c]opies or detailed descriptions of the administrative remedies he exhausted as to each claim and defendant."

Exhaustion is not merely a formality. The Sixth Circuit has repeatedly stressed the underlying reasons for exhaustion, explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d at 644. *See also Curry v. Scott*, 249 F.3d at 505; *Hartsfield v. Vidor*, 199 F.3d at 308-09. Under the plaintiff's own allegations, he has not alerted the jailer or other possible jail defendants with his complaints about the conditions of his confinement and the specific individual(s) involved and what he wants done. Therefore, under federal law, the plaintiff may not be permitted to surprise them now, with a lawsuit.

In the case *sub judice*, therefore, it is the duty of this Court to enforce the statutory requirement. *Knuckles-El*, 215 F.3d at 642. Another of the reasons for the requirement that administrative remedies be exhausted is to prepare a record for the Court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The plaintiff's failure to demonstrate exhaustion

4

of an existing administrative process violates the letter and purpose of the law of exhaustion. *See Mentecki v. Corrections Corp. of America*, 234 F.3d 1269, 2000 WL 1648127 (6th Cir. 2000) (unpublished); *McRae v. Corrections Corp. of America*, 208 F.3d 214, 2000 WL 302772 (6th Cir. 2000) (unpublished) (both related to impermissibility of prisoners beginning the process, then short-circuiting the system, and later alleging the futility of going further).

By providing no record, the instant plaintiff has not assisted the Court or himself. His complaint must be dismissed, without prejudice, for his failure to demonstrate compliance with 42 U.S.C. §1997e(a).

## CONCLUSION

Accordingly, the Court being advised, pursuant to 28 U.S.C. §1915(e)(2)(B), **IT IS ORDERED** that this action be **DISMISSED**, *sua sponte*, without prejudice, and Judgment for the defendants shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 22nd day of May, 2006.

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE

5